# Illinois Official Reports

## Appellate Court

***People v. Claxton*, 2014 IL App (1st) 132681**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICHOLAS CLAXTON, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2681 |
| Filed | September 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful use of a weapon by a felon was reversed, since his only prior conviction was for the Class 4 felony form of section 24-1.6(a)(1), (a)(3)(A) or (a)(2), (a)(3)(A), and pursuant to *Aguilar*, that conviction is void *ab initio* and could not serve as an essential element of his conviction for unlawful use of a weapon by a felon. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-15882; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Rachel Moran, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Jeffrey Allen, and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Palmer and Justice Gordon concurred in the judgment and opinion.

## OPINION

¶ 1        Following a jury trial, defendant Nicholas Claxton was convicted of unlawful use of a weapon by a felon (UUWF) and sentenced to 10 years' imprisonment. On appeal, defendant contends that his conviction must be reversed because his only prior felony conviction is for a version of aggravated unlawful use of a weapon (AUUW) that has been found facially unconstitutional. For the reasons stated below, we reverse.

¶ 2        Defendant was charged with multiple counts of UUWF for possessing on his person a firearm and ammunition on or about July 28, 2012, and for possessing on his land, abode, or person a firearm and ammunition between July 28 and August 4, 2012. All counts alleged that he did so while having been convicted of AUUW in case No. 11 CR 16293, and all sought a Class X sentence on an allegation that he committed UUWF while possessing body armor. Defendant was also charged with cyberstalking for sending "picture texts" as described below to Herbert Brown that he knew or should have known would cause a reasonable person to fear for his safety or the safety of another and to suffer emotional distress.

¶ 3        Defendant filed a motion to dismiss the UUWF charges, citing *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), finding the UUW and AUUW statutes unconstitutional. Noting that the ramifications of the federal decision were uncertain (the court of appeals had stayed its mandate to allow the legislature to amend the statutes), the court denied dismissal.

¶ 4        At trial, the evidence showed that defendant "texted" to his former coworker Brown a photograph of himself wearing a bulletproof vest and holding a shotgun. A search of defendant's home with the consent of a woman with whom he was living disclosed a bag containing a loaded shotgun, loose ammunition and a vest. The woman testified to seeing the bag, shotgun, and vest in their home before the search. Testing showed that the vest contained "ballistic-grade high-strength fibers" and ceramic armor plates suitable to stop 7.62-millimeter rifle-fired ammunition. On this evidence, the jury found defendant guilty of UUWF of a

firearm and UUWF of ammunition, also finding that he possessed body armor during these offenses, while finding him not guilty of cyberstalking.

¶ 5    In his unsuccessful posttrial motion, defendant argued the unconstitutionality under *Moore* of his predicate conviction for AUUW.

¶ 6    In case No. 11 CR 16293, defendant was charged with and tried upon two counts of AUUW based on having an "uncased, loaded, and immediately accessible" firearm on his person outside his land or abode on a public way. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(2), (a)(3)(A) (West 2010). While he was also charged with aggravated discharge, the court granted a directed finding on that charge. Defendant's only prior offenses other than AUUW (with a sentence of 18 months' probation) were for reckless conduct and misdemeanor theft, for which defendant received supervision.

¶ 7    Following arguments in aggravation and mitigation, the court sentenced defendant to the minimum sentence of 10 years' imprisonment for the Class X offense of UUWF while wearing body armor. This appeal timely followed.

¶ 8    On appeal, defendant contends that his UUWF conviction must be reversed because his only prior felony conviction is for a version of AUUW found facially unconstitutional by the Illinois Supreme Court. The State responds that it proved beyond a reasonable doubt that defendant was a convicted felon when he possessed a firearm and ammunition in 2012 as charged, and the State challenges our jurisdiction to consider the validity of the prior AUUW conviction. Defendant replies that his AUUW conviction is void *ab initio* and cannot serve as the predicate for his UUWF conviction, so that we have jurisdiction to consider the validity of the AUUW conviction insofar as it underpins the instant UUWF conviction.

¶ 9    As of 2011, the time of defendant's offense in case No. 11 CR 16293, the UUW statute prohibited a person from carrying or concealing on or about his person, or in any vehicle, a firearm except when on his land or in his abode or fixed place of business (720 ILCS 5/24-1(a)(4) (West 2010)) while the AUUW statute prohibited the same with any of various additional factors, including that the firearm "was uncased, loaded and immediately accessible." 720 ILCS 5/24-1.6(a)(3)(A) (West 2010). Specifically, sections 24-1.6(a)(1) and (a)(2) concerned when a person either:

> "(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode or fixed place of business *** [a] firearm; or
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode or fixed place of business *** [a] firearm." 720 ILCS 5/24-1.6(a)(1), (a)(2) (West 2010).

¶ 10    In *Moore*, the United States Court of Appeals for the Seventh Circuit found the UUW and AUUW statutes unconstitutional. The United States Supreme Court has found that the second amendment creates a personal right, binding upon the states through the fourteenth amendment (U.S. Const., amend. XIV, § 1), "to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). The Seventh Circuit found in *Moore* that

the "right to bear arms for self-defense *** is as important outside the home as inside," found that the UUW and AUUW statutes create a "uniquely sweeping ban," and remanded the case to the federal district court for declarations of unconstitutionality and injunctive relief. *Moore*, 702 F.3d at 942. The Seventh Circuit noted that the right to keep and bear arms does not preclude "the usual prohibitions of gun ownership by children, felons, illegal aliens, lunatics, and in sensitive places such as public schools, the propriety of which was not questioned in *Heller*." *Moore*, 702 F.3d at 940 (citing *Heller*, 554 U.S. at 626). However, the UUW and AUUW statutes create "a flat ban on carrying ready-to-use guns outside the home." *Moore*, 702 F.3d at 940. The Seventh Circuit stayed its mandate "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Moore*, 702 F.3d at 942. The General Assembly has since amended the UUW and AUUW statutes pursuant to *Moore*. Pub. Act 98-63 (eff. July 9, 2013).

¶ 11    In *People v. Aguilar*, 2013 IL 112116, our supreme court recently decided to follow *Moore* in that "neither *Heller* nor *McDonald* expressly limits the second amendment's protections to the home," holding that "on its face, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." *Aguilar*, 2013 IL 112116, ¶¶ 20, 22.

>    "Of course, in concluding that the second amendment protects the right to possess and use a firearm for self-defense outside the home, we are in no way saying that such a right is unlimited or is not subject to meaningful regulation. [Citation.] That said, we cannot escape the reality that, in this case, we are dealing not with a reasonable regulation but with a comprehensive ban. Again, in the form presently before us, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) categorically prohibits the possession and use of an operable firearm for self-defense outside the home. In other words, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) amounts to a wholesale statutory ban on the exercise of a personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court. In no other context would we permit this, and we will not permit it here either." *Id.* ¶ 21.

The *Aguilar* court also affirmed as constitutional a conviction for possessing a concealable firearm while under 18 years of age (720 ILCS 5/24-3.1(a)(1) (West 2008)), finding that the constitutional right to keep and bear arms does not extend to minors. *Aguilar*, 2013 IL 112116, ¶¶ 24-28.

¶ 12    Since *Moore* and *Aguilar*, this court has followed the direction therein regarding firearm possession by felons and upheld convictions for UUWF and for the Class 2 form of AUUW; that is, AUUW by a felon. *People v. Moore*, 2014 IL App (1st) 110793-B, ¶ 16; *People v. Soto*, 2014 IL App (1st) 121937, ¶¶ 12-14; *People v. Campbell*, 2014 IL App (1st) 112926, ¶¶ 51-60; *People v. Burns*, 2013 IL App (1st) 120929, *appeal allowed*, No. 117387 (Ill. May 28, 2014); *People v. Neely*, 2013 IL App (1st) 120043, ¶¶ 7-15; *People v. Garvin*, 2013 IL App (1st) 113095, ¶¶ 12-16; but see *People v. Gayfield*, 2014 IL App (4th) 120216-B (vacating conviction for Class 2 AUUW).

¶ 13    Also since *Aguilar*, this court has considered the issue raised here: whether a conviction for UUWF may stand where the defendant's predicate felony is a version of UUW or AUUW that is unconstitutional under *Aguilar*.

¶ 14    In *People v. McFadden*, 2014 IL App (1st) 102939, *appeal allowed*, No. 117424 (Ill. May 28, 2014), we vacated a UUWF conviction where the predicate felony was Class 4 AUUW, agreeing with the defendant that "under *Aguilar*, the State could not rely on this now-void conviction to serve as a predicate offense for UUW by a felon. Therefore, it failed to prove an essential element of the offense." *Id*. ¶ 38. Because the prior felony conviction is an element of UUWF that must be proven beyond a reasonable doubt by the State, we held that a void conviction for the Class 4 form of AUUW found unconstitutional in *Aguilar* cannot serve as a predicate offense. *Id*. ¶¶ 42-43 (citing *People v. Walker*, 211 Ill. 2d 317 (2004)). While we found that "because defendant's case is pending on direct appeal in this court, *** we cannot ignore *Aguilar*'s effects on his conviction for UUW by a felon," we refrained from "vacating defendant's AUUW conviction *** pursuant to *Aguilar*" and "decline[d] to address whether formal proceedings for collateral relief may be available to defendant to vacate his conviction in that case." *Id*. ¶¶ 41, 44.

¶ 15    In *People v. Fields*, 2014 IL App (1st) 110311, the defendant argued that his armed habitual criminal conviction must be reversed in light of *Aguilar*; that is, because his prior conviction for Class 4 AUUW is void under *Aguilar*, the State could not rely on it as a predicate offense for armed habitual criminal so that it failed to prove an element of the offense of armed habitual criminal. *Id*. ¶¶ 38-39. We held:

> "[W]e cannot allow defendant's 2005 Class 4 AUUW conviction, which we now know is based on a statute that was found to be unconstitutional and void *ab initio* in *Aguilar* to stand as a predicate offense for defendant's armed habitual criminal conviction, where the State is required to prove each element of the Class 4 AUUW beyond a reasonable doubt. A void conviction for the Class 4 form of AUUW found to be unconstitutional in *Aguilar* cannot now, nor can it ever, serve as a predicate offense for any charge. Because the issue was raised while defendant's appeal was pending, we are bound to apply *Aguilar* and vacate defendant's armed habitual criminal conviction because the State could not prove an element of the offense of armed habitual criminal through the use of a predicate felony conviction that is void *ab initio*." *Id*. ¶ 44.

As in *McFadden*, we "emphasize[d] that we are not vacating defendant's AUUW conviction *** pursuant to *Aguilar*. We decline to address whether formal proceedings for collateral relief may be available to defendant to vacate his 2005 felony UUW conviction." *Id*. ¶ 45.

¶ 16    Here, as noted above, the State has contended that we lack jurisdiction to review defendant's AUUW conviction. However, defendant is timely and directly appealing his UUWF conviction on the contention that it cannot stand if the predicate felony, his AUUW conviction, is void *ab initio*. A statute declared unconstitutional on its face is void *ab initio*; that is, "was constitutionally infirm from the moment of its enactment and, therefore, is unenforceable." *People v. Davis*, 2014 IL 115595, ¶ 25. We followed this principle in *Fields* and *McFadden*, finding that we could consider the effect of the prior or predicate conviction on the presently appealed conviction while refusing to grant relief upon the prior conviction itself. We find that the clear effect of *Aguilar* in light of *Davis* (void *ab initio*) and *Walker* (predicate felony as element of UUWF) is that a conviction for UUW or AUUW unconstitutional under *Aguilar* is void *ab initio* and cannot serve as the elemental predicate felony for UUWF so that this court both has jurisdiction to and must reverse the UUWF conviction for the absence of an element. In sum, we agree with *Fields* and *McFadden*.

¶ 17    The State argues against this effect by citing federal cases, led by *Lewis v. United States*, 445 U.S. 55 (1980), for the proposition that "the status of the prior felony conviction at the time he or she possesses the firearm controls, regardless of whether that prior conviction might later be invalidated or found to be unconstitutional." The State also argues that if we reverse defendant's UUWF conviction, we will sow uncertainty; that adhering to *Fields* and *McFadden* "would prevent the prosecution from proving that a defendant previously had been convicted of a qualifying felony at the time he possessed a firearm if, after defendant possessed the gun, his predicate conviction was later reversed on appeal for any reason."

¶ 18    The latter argument is disingenuous: we have repeatedly expounded upon the difference between void and voidable judgments, and the State has in various cases ably argued that distinction. To give a relevant example, "any reason" does not render a statute void *ab initio*, only facial unconstitutionality, which is the most difficult challenge to make because a statute is facially unconstitutional only if there are no circumstances where it could be validly applied. *Davis*, 2014 IL 115595, ¶ 25. Notably, while cases stating a new constitutional rule are generally not applied retroactively to cases on collateral review (which is not the stance of this case but the similarity is edifying), substantive rules apply retroactively. *Davis*, 2014 IL 115595, ¶ 36.

> " 'This includes decisions that narrow the scope of a criminal statute by interpreting its terms [citations], as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish [citations]. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.' " (Internal quotation marks omitted.) *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (and cases cited therein)).

By contrast, new rules of procedure generally do not apply retroactively because they " 'do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise,' " so that only watershed rules of criminal procedure implicating the fundamental fairness and accuracy of proceedings are retroactive. *Davis*, 2014 IL 115595, ¶ 36 (quoting *Schriro*, 542 U.S. at 352). There is no more apt description of what our supreme court did in *Aguilar* than that it placed particular conduct covered by the UUW and AUUW statutes beyond the State's power to punish.

¶ 19    Turning to the federal cases cited by the State, we note first and foremost that federal cases interpreting federal statutes are not binding upon us as we interpret Illinois statutes but are merely persuasive authority. We do not find the State's cases persuasive as they are based fundamentally on an assertion–that the " 'distinction between a conviction that is "invalid" and one that is "void from its inception" depends too much on semantics' " (*United States v. Padilla*, 387 F.3d 1087, 1091-92 (9th Cir. 2004) (quoting *United States v. Mayfield*, 810 F.2d 943, 945 (10th Cir. 1987)))–with which we respectfully disagree. As stated above, Illinois courts have maintained the distinction between void and voidable judgments, and we shall not abandon it now.

¶ 20    In his prior case, defendant was convicted of the Class 4 felony of AUUW under sections 24-1.6(a)(1), (a)(3)(A), and (a)(2), (a)(3)(A). We note that our supreme court in *Aguilar* professed to "make no finding, express or implied, with respect to the constitutionality or

unconstitutionality of any other section or subsection of the AUUW statute." *Aguilar*, 2013 IL 112116, ¶ 22 n.3. Thus, one of the two counts of AUUW underlying his AUUW conviction is potentially distinguishable from those reversed in *Aguilar* insofar as sections 24-1.6(a)(1) and (a)(2) are distinguishable. Practically, the point of distinction is that paragraph (a)(2) allows for a person to be declared an invitee on the public way or public land for purposes of displaying or selling firearms. However, this invitee provision does not protect the right to possess a firearm outside the home for *self-defense* but for the limited purposes of display and commerce; in this regard we note that the Seventh Circuit in *Moore* found the statutes before it unconstitutional despite an invitee provision. See *People v. Akins*, 2014 IL App (1st) 093418-B, ¶ 11 (applying *Aguilar* to AUUW under section 24-1.6(a)(2)). Pursuant to *Aguilar*, we find that defendant's AUUW conviction for the Class 4 felony form of section 24-1.6(a)(1), (a)(3)(A) or (a)(2), (a)(3)(A) is void *ab initio*. As such, it cannot serve as an essential element of his UUWF conviction so that his UUWF conviction must be reversed.

¶ 21        Accordingly, the judgment of the circuit court is reversed.

¶ 22        Reversed.