# Illinois Official Reports

## Appellate Court

***People v. Akins*, 2014 IL App (1st) 093418-B**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RASHEEN AKINS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-09-3418 |
| Opinion filed | June 17, 2014 |
| Rehearing denied | July 10, 2014 |
| Modified upon denial of rehearing | July 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for four counts of aggravated unlawful use of a weapon and the imposition of certain fines and fees, his convictions on the counts alleging the possession of an uncased, loaded and accessible firearm outside his home and on a public way were vacated based on *Aguilar*, which found that the form of aggravated unlawful use of a weapon prohibiting the possession of an uncased, loaded firearm outside one's residence unconstitutionally violates the right to bear arms in self-defense, thus rendering the statute void *ab initio* and requiring vacation of defendant's convictions; however, defendant's convictions for possession of a weapon without a valid firearm owner's identification card were affirmed, since that requirement is severable and does not violate the second amendment under *Aguilar*. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-14227; the Hon. Victoria A. Stewart, Judge, presiding. |
| Judgment | Vacated in part; affirmed in part; modified. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of State Appellate Defender's Office, of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Simon and Liu concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, defendant Rasheen Akins was found guilty of four counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6 (West 2008)) and was sentenced to 12 months' probation. He was also assessed fines and fees totaling $300. On August 3, 2011, we affirmed defendant's conviction but vacated his violent crime victim's assistance fee, reinstating it in a different amount, and vacated his court system fee. *People v. Akins*, 2011 IL App (1st) 093418-U. Pursuant to a January 29, 2014, supervisory order from our supreme court (*People v. Akins*, No. 112886 (Ill. Jan. 29, 2014) (supervisory order)), we now vacate our August 3, 2011, order and reconsider the issues raised in light of *People v. Aguilar*, 2013 IL 112116.

¶ 2                              BACKGROUND
¶ 3    Defendant was charged in this case with four counts of aggravated unlawful use of a weapon (AUUW): count I for violating section 24-1.6(a)(1), (a)(3)(A), which criminalizes the possession of an "uncased, loaded and immediately accessible" firearm on one's person or in one's vehicle (hereinafter, possession outside the home); count II for violating section 24-1.6(a)(1), (a)(3)(C), which criminalizes the possession of a firearm on one's person or in one's vehicle without a valid Firearm Owner's Identification Card (FOID card) (hereinafter, possession outside the home with no FOID card); count III for violating section 24-1.6(a)(2), (a)(3)(A), which criminalizes the possession of a firearm that is "uncased, loaded and immediately accessible" "upon any public street, alley, or other public lands" within city limits (hereinafter, possession on the public way); and count IV for violating section 24-1.6(a)(2), (a)(3)(C), which makes it unlawful to possess a firearm within city limits without a valid FOID card (hereinafter, possession on the public way with no FOID card). 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(3)(C), (a)(2), (a)(3)(A), (a)(3)(C) (West 2008).

¶ 4    The record shows, in relevant part, that about 10:15 p.m., on July 16, 2008, police responded to a call of an individual with a gun at 10432 South Maryland Street, in Chicago. When they arrived on the scene they saw defendant, who matched the description given to them of the offender. As they approached him, defendant fled into a vacant lot. The officers gave chase and pursued him into an alley where Chicago police officer Inez Benson observed him remove a blue steel, semi-automatic Glock handgun, loaded with 17 live rounds, from his waistband and discard it into a yard. Defendant was apprehended in the adjacent yard and did

not furnish a valid FOID card. After a bench trial, the court found defendant guilty of four counts of AUUW and sentenced him to 12 months' probation.

¶ 5 On direct appeal, defendant challenged the constitutionality of the AUUW statute and certain of the pecuniary penalties imposed by the court. On August 3, 2011, we affirmed defendant's conviction but vacated his violent crime victim's assistance fee, reinstating it in a different amount, and vacated his court system fee. *People v. Akins*, 2011 IL App (1st) 093418-U. On January 29, 2014, our supreme court issued a supervisory order in this case ordering this court to vacate our August 3, 2011, order and to reconsider the issues raised by defendant in light of the court's recent decision in *People v. Aguilar*, 2013 IL 112116.

¶ 6 On March 21, 2014, on the court's own motion, we ordered the parties to file supplemental briefs in this case to address the applicability of *Aguilar*. We have received and considered those briefs. For the reasons stated below, we vacate defendant's convictions under counts I and III, but affirm the remaining convictions under counts II and IV. We also again vacate his violent crime victim's assistance fee reinstating it in a different amount and vacate his court system fee.

¶ 7                                                                    ANALYSIS

¶ 8 To convict a defendant of AUUW, the State must prove beyond a reasonable doubt either that a defendant carried a weapon on his person or in his vehicle, outside his home (720 ILCS 5/24-1.6(a)(1) (West 2008)) or carried a weapon on his person on the public way (720 ILCS 5/24-1.6(a)(2) (West 2008)) and one of the nine factors in subsection (a)(3). 720 ILCS 5/24-1.6(a)(1) to (a)(3) (West 2008); *People v. Zimmerman*, 239 Ill. 2d 491, 499 (2010). Subsection (a)(3) lists the nine factors that " 'transform' " the offense of unlawful use of a weapon to AUUW. *People v. Henderson*, 2013 IL App (1st) 113294, ¶ 21; 720 ILCS 5/24-1.6(a)(3) (West 2008). Relevant to this case are factors (3)(A), the firearm was uncased, loaded and immediately accessible, and (3)(C), the person possessing the firearm had not been issued a valid FOID card.

¶ 9 Defendant was convicted of four counts of AUUW. Counts I and III were based on defendant's possession of an uncased, loaded, and immediately accessible firearm. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(2), (a)(3)(A) (West 2008). Counts II and IV were predicated on defendant's possession of a firearm in conjunction with his inability to produce a valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2008).

¶ 10 Recently, in *Aguilar*, 2013 IL 112116, ¶ 22, our supreme court found the Class 4 form of AUUW that makes it illegal to possess an uncased, loaded firearm outside one's home to be a comprehensive ban that categorically prohibits possession and use of a firearm for self-defense outside of the home in contravention of the right to bear arms. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008). The *Aguilar* court noted that the United States Supreme Court has stated that a central component of the second amendment right to bear arms is " 'the inherent right of self-defense.' " *Aguilar*, 2013 IL 112116, ¶ 16 (citing *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008)); see also *McDonald v. City of Chicago*, 561 U.S. 742, ___, 130 S. Ct. 3020, 3026 (2010). Consequently, the court reversed Aguilar's AUUW conviction. *Aguilar*, 2013 IL 112116, ¶ 22.

¶ 11 When a statute is declared unconstitutional, it is void *ab initio*, or as though the law had never been passed. See *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999). Both defendant and the State agree that pursuant to the court's holding in *Aguilar*, we must vacate defendant's

possession outside the home conviction under count I (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)), because it is void *ab initio*. In addition, the parties agree that defendant's conviction under count III for possession on the public way (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2008)), should be vacated pursuant to *Aguilar* because it also concerns possession of an "uncased, loaded and immediately accessible" firearm while outside of the home. The only distinction between the charge invalidated in *Aguilar* and the charge in count III is that the former concerns firearm possession on another person's privately owned land or in a privately owned vehicle, while the latter concerns firearm possession on a public way. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(2), (a)(3)(A) (West 2008). While we acknowledge that the *Aguilar* court specifically limited its holding to possession outside of the home (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)), we agree with the parties that the reasoning in *Aguilar* extends to defendant's conviction for possession on the public way (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2008)). We therefore vacate defendant's convictions under counts I and III.

¶ 12    Defendant also argues that his remaining convictions for possession without a FOID card and possession on a public way without a FOID card, counts II and IV, must be vacated under *Aguilar*. Defendant maintains that while *Aguilar* did not expressly strike down the subsections of the AUUW statute predicated upon a defendant's inability to produce a valid FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2008)), those provisions are nonetheless unconstitutional for two reasons. First, they are inextricably bound to the subsections found unconstitutional in *Aguilar* and cannot be severed. Second, they are facially unconstitutional as they deny adults 18 to 20 years of age the right to keep and bear arms for the purpose of self-defense.

¶ 13    We find *People v. Henderson*, 2013 IL App (1st) 113294, dispositive of defendant's arguments. The defendant in *Henderson* argued that his conviction for possession outside the home without a FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2008)) should be reversed under *Aguilar* because it was not severable from the subsections found to be unconstitutional. This court upheld that conviction, holding that the subsection was not facially unconstitutional and was severable from the subsection struck in *Aguilar*. *Henderson*, 2013 IL App (1st) 113294, ¶¶ 13-23. In so holding, we reasoned that the FOID section was severable because the subsections that define the possession elements of the offense, subsections (a)(1) and (a)(2), combined with the factor setting forth the element of carrying a firearm without a FOID card, can stand independently from the subsection struck down by *Aguilar*, because the subsection struck down by *Aguilar* is only one of several factors that could constitute the offense of AUUW. *Henderson*, 2013 IL App (1st) 113294, ¶ 22. Removing the subsection struck down by *Aguilar* "undermines neither the completeness nor the executability of the remaining subsections," and therefore, it cannot be concluded that the FOID provision is "so intertwined with the rest of the statute that the legislature intended the statute to stand or fall as a whole." (Internal quotation marks omitted.) *Henderson*, 2013 IL App (1st) 113294, ¶ 22. Defendant has not provided any compelling reason for us to depart from the reasoning in *Henderson* on this issue and we therefore reject defendant's argument.

¶ 14    Relying on *Coram v. State of Illinois*, 2013 IL 113867 (the Illinois Constitution grants individualized rights, which allows for individualized consideration of a person's right to keep and bear arms, including the right to consider and reject an application for a FOID card), *Henderson* also rejected the defendant's argument that the failure to possess a valid FOID card (720 ILCS 5/24-1.6(a)(3)(C) (West 2008)), used to transform an otherwise unlawful use of a

weapon offense under either subsection (a)(1) or subsection (a)(2) to an AUUW, is unconstitutional (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2008)), as it denies adults 18 to 20 years of age the right to keep and bear arms for the purpose of self-defense. *Henderson*, 2013 IL App (1st) 113294, ¶ 30 (rejecting defendant's claim that "the public carriage of handguns by those under 21 is core conduct subject to second amendment protection"). In addition, subsequent to *Henderson*, this court in *People v. Taylor*, 2013 IL App (1st) 110166, ¶ 32, upheld the FOID card subsections of the AUUW statute, finding that:

> "Because the restriction in section 24-1.6(a)(1), (a)(3)(C) is limited to those lacking a FOID card and is not a flat ban, we decline to extend the holding of *Aguilar* to this section of the AUUW statute. Moreover, under either strict scrutiny analysis or the more recently used 'text, history, and tradition' approach, this section of the AUUW statute does not violate the right to bear arms guaranteed under the second amendment. We, therefore, find that section 24-1.6(a)(1), (a)(3)(C) is not facially unconstitutional."

¶ 15        We find no reason to depart from our holdings in *Henderson* or *Taylor*, and find that the FOID requirement does not violate the second amendment under the rationale of *Aguilar* because it denies those 18 to 20 years of age their right to bear arms. Consequently, we find that defendant's convictions for counts II and IV are not unconstitutional under *Aguilar* and must stand.

¶ 16        In its order of probation, the sentencing court merged defendant's FOID counts of AUUW into count I. Because we have vacated count I and count III, the original merger is no longer in effect and defendant now stands convicted of two counts of AUUW. Defendant argues that under the one-act, one-crime rule (*People v. King*, 66 Ill. 2d 551, 566 (1977)), this court should vacate either count II or count IV, leaving defendant with one conviction for AUUW.

¶ 17        The one-act, one-crime rule prohibits multiple convictions when the convictions are based on precisely the same physical act. *People v. Miller*, 238 Ill. 2d 161, 165 (2010). Only one conviction and sentence may be imposed if the same physical act forms the basis for prosecuting. *People v. Segara*, 126 Ill. 2d 70, 76-77 (1988). However, if guilty verdicts are obtained for multiple counts arising from the same act, then a sentence should be imposed on the most serious offense. See *People v. Donaldson*, 91 Ill. 2d 164, 170 (1982).

¶ 18        Here, the two counts remaining are predicated on defendant's possession of a firearm in conjunction with his inability to produce a valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2008). Count II alleged that defendant possessed the firearm on his person or in his vehicle without a valid FOID card. Count IV alleged that defendant possessed the firearm on the public way without a valid FOID card. Both charges are Class 4 felonies.

¶ 19        In *In re Samantha V.*, 234 Ill. 2d 359, 379 (2009), our supreme court instructed that when determining the most serious offense, a court of review should "consider the plain language of the statutes, as common sense dictates that the legislature would prescribe greater punishment for the offense it deems the more serious." If the punishments are identical, then the reviewing court must determine which offense has the more culpable mental state. *Id.* Both offenses are Class 4 felonies and have the same mental state. However, count II, possession of a firearm on one's person or in a vehicle without a valid FOID card, is arguably the less serious offense. Possessing a firearm on the public way without a valid FOID card is potentially more dangerous because of the likelihood of interaction with other people and the possibility of

injuring others. Accordingly, we vacate defendant's conviction under count II. Defendant's conviction under count IV remains.

¶ 20     Defendant next challenges the calculation and assessment of certain of the pecuniary penalties imposed by the court. Although defendant did not raise these claims in the circuit court, this court has recognized that a sentencing error may affect defendant's substantial rights, and thus can be reviewed for plain error. *People v. Black*, 394 Ill. App. 3d 935, 939 (2009) (citing *People v. Hicks*, 181 Ill. 2d 541, 544-45 (1998)). The propriety of court-ordered fines and fees raises a question of statutory interpretation, which we review *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697 (2007).

¶ 21     Defendant first claims that his $20 fee under the Violent Crime Victims Assistance Act (VCV Act) (725 ILCS 240/10 (West 2008)) should be reduced to $4 where he was also assessed a $30 Children's Advocacy Center fine. The State concedes that defendant should only have been assessed $4 pursuant to section 10(b) of the VCV Act. We agree and therefore vacate the $20 VCV Act fine and order the circuit court clerk to amend defendant's fee order to include a $4 fee pursuant to section 10(b) of the VCV Act. *People v. Jones*, 397 Ill. App. 3d 651, 660-61 (2009).

¶ 22     Defendant next contests the assessment of a $5 court system fee. The State concedes that the assessment was improper in this case, and we agree that the fee does not apply because defendant was convicted of AUUW, a violation of the Criminal Code of 1961, and not a violation of the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq*. (West 2008)) or of a similar municipal ordinance (55 ILCS 5/5-1101(a) (West 2008)), to which the fee is directed. We therefore vacate the $5 court system fee.

¶ 23     Defendant finally contends that he was improperly assessed a $25 court services fee, claiming that the statute only authorizes assessment of the fee under certain criminal statutes, none of which include the offense of armed robbery. The State responds that the statute authorizes assessment of the fee in all criminal cases resulting in a judgment of conviction.

¶ 24     Under the Counties Code (55 ILCS 5/5-1103 (West 2008)), the court may assess a $25 court services fee against a defendant upon a finding of guilty resulting in a judgment of conviction, or for an order of supervision or probation without entry of judgment made under specific enumerated criminal provisions. *People v. Williams*, 405 Ill. App. 3d 958, 965 (2010). In this case, a judgment of conviction was entered against defendant, which, alone, made him eligible for the court services fee. *Id*. We thus find that the trial court did not err in assessing him a $25 court services fee.

¶ 25                              CONCLUSION

¶ 26     For the reasons stated, we vacate defendant's convictions for AUUW in counts I and III pursuant to *Aguilar* and vacate defendant's conviction in count II pursuant to the one-act, one-crime rule. Defendant's conviction for AUUW under count IV stands. We also vacate the $20 VCV Act fee and the $5 court system fee, order the circuit court clerk to modify the fines and fees order to that effect and to include a $4 fee pursuant to section 10(b) of the VCV Act, and affirm the judgment in all other respects.

¶ 27     Vacated in part; affirmed in part; modified.